# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ROBERT S. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:12 C 01215 |
| v. ) | Judge Marvin E. Aspen |
| ) | |
| O'REILLY AUTOMOTIVE ) | |
| STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Robert S. Jackson alleges that his former employer, Defendant O'Reilly Automotive Stores, Inc., discriminated against him by terminating his employment on January 6, 2011, in violation of the Americans with Disabilities Act ("ADA"). Plaintiff also alleges that Defendant failed to engage in the interactive process required by the ADA and failed to reasonably accommodate his disability. A jury trial is scheduled to begin on October 6, 2015. Presently before us are five motions in limine filed by the parties in preparation for trial.

As set forth below, we grant Plaintiff's motion concerning evidence of collateral source benefits and Defendant's motion concerning evidence of the Letter of Determination issued by the Equal Employment Opportunity Commission ("EEOC"). (Dkt. Nos. 48, 58.) We deny Plaintiff's additional motions without prejudice. (Dkt. Nos. 46–47.) We also grant Defendant's motion to exclude evidence of its May 7, 2012 letter to the EEOC under Rule 408. (Dkt. No. 57.) We decline to rule on Defendant's related 29 C.F.R. § 1601.26(a) argument at this juncture.

To the extent that we herein deny the parties' motions for lack of specificity, the parties should submit additional briefs, on or by Monday, September 21, 2015, identifying the particular evidence in question and asserting the grounds for exclusion.

## STANDARD OF REVIEW

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 (1984)). "The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures—including motions *in limine*—in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see United States v. Huff*, 10 CR 73, 2011 WL 4916195, at *1 (E.D. Tenn. Oct. 27, 2011). Because a ruling on a motion in limine is "subject to change as the case unfolds," this ruling constitutes a preliminary determination in preparation for trial. *See Luce*, 469 U.S. at 41, 105 S. Ct. at 163; *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A district court's rulings on in limine motions will be reversed only where the court abuses its discretion, that is, "when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it employs an erroneous legal standard." *United States v. Gunter*, 551 F.3d 472, 483 (6th Cir. 2009); *United States v. Cline*, 362 F.3d 343, 348–49 (6th Cir. 2004).

## ANALYSIS

We first shall briefly address two unopposed motions and then will consider the disputed motions in greater detail.

Plaintiff filed three motions in limine, seeking to preclude Defendant from: (1) asking leading questions of defense witnesses called by Plaintiff; (2) offering evidence of any irrelevant work misconduct; and (3) introducing evidence of collateral source benefits. (*See* Dkt. Nos. 46–48.) Defendant has not filed any opposition to motion concerning collateral source benefits, (Dkt. No. 48), and that motion is hereby granted. Defendant shall not offer any evidence concerning Plaintiff's receipt of payments from collateral sources, including, for example, unemployment compensation or insurance benefits. *See, e.g.*, *Jackson v. City of Cookeville*, 31 F.3d 1354, 1359 (6th Cir. 1994) ("The collateral source rule is a substantive rule of law that bars a tortfeasor from reducing damages owed to a plaintiff by the amount of recovery the plaintiff receives from sources that are collateral to the tortfeasor.").

Defendant filed two motions in limine, seeking to exclude: (1) the EEOC's May 15, 2012 Letter of Determination and any pertinent materials or testimony; and (2) Defendant's statements in a May 7, 2012 letter it sent the EEOC during the conciliation process. (*See* Dkt. Nos. 57–58.) Plaintiff represents that he does not intend to offer the Letter of Determination into evidence and does not contest Defendant's related motion. (Pl.'s Resp. (Dkt. No. 74) at 1.) Accordingly, we grant Defendant's motion concerning the Letter of Determination, (Dkt. No. 58). Plaintiff shall not introduce the Letter of Determination, the additional letter enclosed with it, or any related testimony.

**A.      Plaintiff's Motion Concerning the Use of Leading Questions for Adverse Witnesses**

In his first motion in limine, Plaintiff states that he intends to call "certain of Defendant's agents and representatives as witnesses." (MIL re: Leading (Dkt. No. 46) at 2.) Although he has not identified any particular witness, he seeks permission to ask leading questions of those agents and employees during direct examination, as they are adverse to his position. (*Id.* at 1–2.)

Plaintiff further asks that we preclude Defendant from likewise using leading questions on cross-examination of such witnesses. (*Id.*) Defendant opposes the motion. (Dkt. No. 69.)

As for the first part of Plaintiff's request, it is uncontroversial that a party may use leading questions during direct examination of a hostile or adverse witness. Fed. R. Evid. 611(c)(2) ("Ordinarily, the court should allow leading questions . . . (2) when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party."). This issue, however, is not appropriately addressed in a motion in limine. When Plaintiff actually calls particular witnesses at trial, he may explain why they are adverse and ask our permission at that time to use leading questions. Absent any unusual circumstances, we will permit him to do so. *See, e.g.*, *Robinson v. R.J. Reynolds Tobacco Co.*, 86 F. App'x 73, 76 (6th Cir. 2004) (noting that Rule 611(c)(2) does not create an absolute right but requires consideration under the specific facts).

As for the second part of Plaintiff's request, the Advisory Committee note to Federal Rule of Evidence 611(c) addresses this specific situation. Fed. R. Evid. 611(c) advisory committee's note. It explains that the rule provides "a basis for denying the use of leading questions when the cross-examination is cross-examination in form only and not in fact, as for example the 'cross-examination' of a party by his own counsel after being called by the opponent (savoring more of a redirect) . . ." *Id.*; *see also Morvant v. Constr. Aggregates Corp.*, 570 F.2d 626, 635 (6th Cir. 1978) ("If the witness is friendly to the examiner, there is the same danger of suggestiveness as on direct; and consequently the court may, in its discretion, forbid the use of leading questions."). The language of Rule 611 is not mandatory—whether to allow leading questions under these circumstances is entirely within our discretion. *Woods v. Lecureux*, 110 F.3d 1215, 1221 (6th Cir. 1997) ("[A] district court's decision to allow leading

4

questions when a party is cross-examining his own witness is a matter within the court's traditional discretion to control the mode of interrogation.") (internal quotations omitted); *Morvant*, 570 F.2d at 635.

Because we will be in a better position to determine how to exercise our discretion during the course of trial, we deny Plaintiff's motion at this time. Our presumption at trial, however, will be to allow leading questions during Defendant's cross-examination of these witnesses *only* if the questioning amounts to cross-examination in fact (and not simply in form) or as necessary to effectuate the purposes of Rule 611. Fed. R. Evid. 611(a) (suggesting that the court "exercise reasonable control over the mode and order of examining witness" so as to encourage efficient ascertainment of the truth, "avoid wasting time," and "protect witnesses from harassment"); *see also Robinson*, 86 F. App'x at 76 (affirming district court's denial of request to ask leading questions during cross-examination of defendant's former employee, because the witness was not an adverse party under the specific facts); *Woods*, 110 F.3d at 1121. Defendant should expect to conduct the substantial part of such witnesses' testimony without leading questions.

For these reasons, Plaintiff's motion concerning the leading of defense-aligned witnesses called by Plaintiff is denied without prejudice.

**B. Plaintiff's Motion Concerning Evidence of Alleged Work Misconduct**

In his second motion, Plaintiff asks that we preclude Defendant "from introducing or referring to at trial any evidence of any alleged misconduct by Plaintiff that was not a factor in Defendant's decision to terminate Plaintiff's employment." (MIL re: Misconduct (Dkt. No. 47) at 1.) Plaintiff contends that such evidence is irrelevant and would be unfairly prejudicial. Thus, according to Plaintiff, such evidence is inadmissible under Rules 402 and 403. (*Id.*) In its response, Defendant argues that Plaintiff's motion lacks particularity and, moreover, that

evidence of Plaintiff's employment and disciplinary history beginning in October 2010 is highly relevant to the issues pending for trial. (Dkt. No. 70.)

Rule 402 provides that only relevant evidence may be admitted, while Rule 401 explains that relevant evidence is evidence that "has any tendency to make a fact more or less probable" where that "fact is of consequence in determining the action." Fed. R. Evid. 401–02. Rule 403 nonetheless authorizes us to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, we are unable to resolve Plaintiff's motion because he has not identified any particular piece of evidence that should be excluded. As a result, we cannot assess the likely relevancy or prejudice of the challenged evidence. Plaintiff's personnel records, for example, may include extraneous, irrelevant, or unduly prejudicial information, but we are not in a position to rule on the admissibility of any such evidence, or related testimony, without reviewing the materials in context. Rather than issue a blanket ruling on evidence not yet identified and arguments not yet fully developed, we deny Plaintiff's motion without prejudice. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed."); *U.S. v. Afyare*, 10 CR 0260, 2013 WL 1386610, at *2 (M.D. Tenn. Apr. 4, 2013) (noting that motions in limine should be granted only where the disputed evidence is clearly "inadmissible on all potential grounds"); *see also Hensley v. Methodist Healthcare Hosps.*, 13 C 2436, 2015 WL 5076982, at*1 (W.D. Tenn. Aug. 27, 2015); *Guthrie v. Ball*, 11 C 333, 2014 WL 5089849, at *2 (E.D. Tenn. Oct. 9, 2014). We will address any relevance or prejudice objections during the course of trial. Relatedly, the parties are advised that we will not allow at trial any testimony that fails to

comport fully with the Federal Rules of Evidence, including those rules governing hearsay and personal knowledge.

C.  **Defendant's Motion to Exclude Evidence of Its May 7, 2012 Letter to the EEOC**

In its remaining motion, Defendant asks us to prohibit the introduction of a May 7, 2012 letter it sent the EEOC and any related testimony. The letter, sent by a human resources representative named Alexis Brown, responds to the EEOC's "request for a rebuttal or additional information regarding" Plaintiff's charge of discrimination and denies any wrongdoing. (MIL re: 2012 Ltr. (Dkt. No. 57), Ex. A (5/7/12 Ltr. from Brown to EEOC investigator).) In the one-page letter,[1] Brown states:

> In reviewing the situation with pertinent witnesses, it appears during the discussion regarding whether the Company could provide a reasonable accommodation for Charging Party's restrictions there may have been a miscommunication, misunderstanding, or mistake on the part of one or more persons regarding the nature and extent of those restrictions. Had this confusion not arisen, the Company may have reached a different conclusion regarding whether the restrictions could be reasonably accommodated. These facts do not give rise to a conclusion that the Company discriminated or retaliated against Charging Party.
>
> Nevertheless, the Company would like to make an effort to resolve this matter. Should Charging Party desire to return to work with the Company and if he is willing to have his health care provider complete an updated Fitness for Duty form . . . the Company is willing to consider bringing him back to work as a delivery specialist.

(*Id.*) Defendant contends that these statements—and, indeed, all documents and statements made during the conciliation stage—are inadmissible under 29 C.F.R. § 1601.26(a) and Rule 408. (Mem. re: 2012 Ltr. at 7–10.) Plaintiff counters that the statements in the letter are highly probative and are not covered by either Rule 408 or 29 C.F.R. § 1601.26(a). (Pl.'s Resp. at 2–4.) We address each of Defendant's theories below.

---

[1] The language cited here includes both substantive paragraphs, (paragraphs 2 and 3), which is nearly the entire letter.

### 1. Admissibility under 29 C.F.R. § 1601.26(a)

We begin with Defendant's argument based on 29 C.F.R. § 1601.26(a), which we reject for two reasons. First, it is unclear whether the May 7, 2012 letter was sent during the conciliation phase, such that the confidentiality provision of 29 C.F.R. § 1601.26(a) would apply. This provision, which is very similar to the provision included at 42 U.S.C. § 2000e-5(b), applies to the EEOC's conciliation efforts. According to the statute and regulations, those efforts do not formally begin until "the [EEOC] determines that there is reasonable cause to believe that an unlawful employment practice has occurred or is occurring." 29 C.F.R. § 1601.24(a) (explaining that, upon a finding of reasonable cause, the EEOC "shall endeavor to eliminate such practice by informal methods of conference, conciliation and persuasion"); *see also* 42 U.S.C. § 2000e-5(b) ("If the [EEOC] determines after such investigation that there is reasonable cause . . . , the [EEOC] shall endeavor to eliminate any such alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion."). Here, the May 7, 2012 letter predates the EEOC's May 15, 2012 Letter of Determination, which presumably triggered the conciliation phase consistent with 29 C.F.R. § 1601.24(a). Neither party addresses this timing issue or its potential significance. At this point, we cannot determine whether the May 7, 2012 letter should be deemed as falling within the EEOC's conciliation process, rather than the investigatory process. By extension, we cannot conclude that the confidentiality provision of 29 C.F.R. § 1601.26(a) might protect Defendant's May 7, 2012 letter or portions thereof.

Second, we decline to grant Defendant's request for a categorical ruling excluding "all other documents and statements from the conciliation stage" pursuant to 29 C.F.R. § 1601.26(a). (Mem. re: 2012 Ltr. at 7; *see also id.* at 8, 10.) As discussed earlier, we are unable to resolve a motion in limine where the movant has not identified any particular piece of evidence that should

be excluded. *Sperberg*, 519 F.2d at 712; *Afyare*, 2013 WL 1386610, at *2. The "better practice is to deal with questions of admissibility of evidence as they arise" in the context of trial. *Sperberg*, 519 F.2d at 712. This context may be particularly critical in light of the open question concerning timing and the applicability of the 29 C.F.R. § 1601.26(a) confidentiality provision.

        **2.     Admissibility under Rule 408**

In addition to the 29 C.F.R. § 1601.26(a) argument, Defendant also contends that Rule 408 precludes the parties from offering the May 7, 2012 letter or related testimony. (Mem. re: 2012 Ltr. at 8–10.) For certain purposes, Rule 408 prohibits any party from admitting evidence of offers to settle, as well as conduct or statements made in settlement discussions. Fed. R. Evid. 408(a); *see Eid v. Saint–Gobain Abrasives, Inc.*, 377 F. App'x 438, 444 (6th Cir. 2010). Such evidence specifically cannot be admitted "either to prove or disprove the validity or amount of a disputed claim" or "to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). "Rule 408 serves three purposes:" encouraging frank communications in furtherance of settlement talks, excluding irrelevant evidence, and eliminating unreliable evidence. *Eid*, 377 F. App'x at 444; *see also Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980–82 (6th Cir. 2003); *Black v. Open Solutions, Inc.*, 05 C 469, 2006 WL 861385, at *2 (M.D. Tenn. Mar. 28, 2006). As the Sixth Circuit has explained, evidence of settlement negotiations is not considered relevant or reliable because "disputes are often settled for reasons having nothing to do with the merits" and because "negotiations are typically punctuated with numerous instances of puffing and posturing." *Eid*, 377 F. App'x at 444 (internal quotation omitted); *Goodyear Tire & Rubber Co.*, 332 F.3d at 981.

Defendant argues that the statements contained in the May 7, 2012 letter, including an offer to settle, are inadmissible under Rule 408. Plaintiff, on the other hand, contends that he

9

should be permitted to introduce the document because it contradicts Defendant's position in the litigation. (Pl.'s Resp. at 1.) Plaintiff argues that the letter demonstrates both that Defendant failed to properly engage in the interactive process and that it could have reasonably accommodated him. (*Id.* at 2–4.) Plaintiff admittedly seeks to use the letter to contradict and impeach Defendant. As that usage is prohibited by Rule 408, the only question for us is whether the letter falls under the rule.

Although Plaintiff asserts that the letter is "not related to the issue of settlement," we disagree.[2] (*Id.* at 4.) In the third paragraph of the letter, Defendant explicitly states that it "would like to make an effort to resolve this matter" and then offers Plaintiff the chance to return to his former position of delivery specialist. (MIL re: 2012 Ltr., Ex. A.) Defendant asks the EEOC to convey the offer to Plaintiff and inform it of his response. (*Id.*) This third paragraph plainly includes an offer of settlement and is not admissible. Rule 408 prohibits Plaintiff from introducing these statements at trial to contradict Defendant's current litigation position, i.e., that it could not accommodate him. Fed. R. Evid. 408(a).

While the preceding paragraph in the letter presents a closer question, we conclude that it, too, is protected by Rule 408. In the second paragraph of the letter, Defendant recounts that, based on its internal investigation, "it appears that . . . there may have been a miscommunication, misunderstanding, or mistake" made by one or more of its employees concerning Plaintiff's restrictions and potential accommodations. (MIL re: 2012 Ltr., Ex. A.) Defendant further acknowledges that, in the absence of that misunderstanding, it "may have reached a different conclusion" about accommodating Plaintiff. (*Id.*) Defendant provides no details about the purported miscommunication, the employees in question, the conclusion it might have reached,

---

[2] Plaintiff's assertion that the letter is admissible as the admission of a party-opponent similarly lacks merit. (Pl.'s Resp. at 4.) The question here is not whether the statements at issue are hearsay but whether they are shielded by Rule 408.

any accommodation that might have been possible, or the likelihood of any such alternate outcome. Taken in context, we construe these statements as the preface for Defendant's offer to return Plaintiff to his job. As such, we find that they are statements "made during compromise negotiations," rather than reliable concessions or relevant statements of fact. Fed. R. Evid. 408(a)(2).

In reaching this conclusion, we rely on the Sixth Circuit's opinion in *Eid*. There, following plaintiff's termination, his attorney contacted defendant and requested to discuss settlement before resorting to litigation. 377 F. App'x at 439–40. In response, defendant sent a letter discussing its internal investigation, which included witness interviews, and expressing its conclusion that plaintiff's termination was appropriate. *Id.* Defendant further informed counsel in the letter that it would not consider engaging in settlement negotiations. *Id.* Citing Rule 408, the district court denied plaintiff's request to introduce the letter from defendant. *Id.* at 443–45. On appeal, the Sixth Circuit affirmed that ruling, reasoning that "the letter's discussion of [defendant's] internal investigation, provided to explain [its] settlement position, is exactly the type of admission that falls within the scope of Rule 408." *Id*. at 445. We find that this rationale applies equally to Defendant's May 7, 2012 letter. Any factual admissions within the letter are statements made in the effort to compromise, as evidenced by Defendant's offer to consider rehiring Plaintiff. In short, Defendant's motion is granted because Rule 408 precludes introduction of the May 7, 2012 letter or related testimony for the purposes intended by Plaintiff.

11

## CONCLUSION

For the reasons discussed above, we grant Plaintiff's motion concerning evidence of collateral source benefits, (Dkt. No. 48), but deny his other motions without prejudice, (Dkt. Nos. 46–47). We grant Defendant's motion concerning evidence of the EEOC Letter of Determination, (Dkt. No. 58). We also grant Defendant's motion to exclude evidence of its May 7, 2012 letter to the EEOC under Rule 408, (Dkt. No. 57) but decline to rule on its related 29 C.F.R. § 1601.26(a) argument at this time.

As set forth above, we have denied certain requests because the movant has not provided sufficient specific information for us to issue a meaningful ruling. The parties should submit additional briefs, on or by Monday, September 21, 2015, identifying the particular evidence in question and articulating the grounds for exclusion. With that information, we may be able to address the parties' requests prior to trial. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: September 17, 2015
Chicago, Illinois