UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ROBERT S. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:12 C 01215 |
| v. | ) | Judge Marvin E. Aspen |
| | ) | |
| O'REILLY AUTOMOTIVE STORES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

MARVIN E. ASPEN, District Judge:

We have reviewed the parties' proposed jury instructions and verdict form in preparation for trial, which is scheduled to begin on Tuesday, October 6, 2015 at 10:30 a.m. As discussed below, we hereby preliminarily rule on the parties' objections and proposals. We attach hereto a set of all jury instructions that we intend to use for trial (Exhibit A), and a verdict form on liability and damages (Exhibit B), as well as separate verdict forms for front pay and punitive damages, for use in the event those verdict forms become necessary (Exhibits C–D).

The parties jointly proposed, or declined to object to, certain instructions. There are no objections to the following: J-1 through J-15. We will give these instructions at trial.

We find merit in, and thus sustain, some of the parties' objections. Specifically, as to Plaintiff's objections, we sustain Plaintiff's objections to D-1, D-2, D-12, and D-14. These instructions are cumulative and are incorporated in the parties' joint instructions. The Court also sustains three of Defendant's objections; P-7 ("Adverse Employment Action"), P-9 ("Interactive Process"), and P-11 ("Mitigation of Damages"). P-7 incorrectly relies on the definition of "materially adverse change" used in retaliation claims. P-9 is sustained because P-9 improperly

1

articulates each party's role in the interactive process. The objection to P-11 is also sustained; P-11 incorrectly requires the Defendant to prove "equivalent positions" were available. All other objections are overruled. Because the parties could not agree on a majority of the substantive instructions, we also incorporated relevant portions of each party's proposal into a singular instruction to ensure that instructions were complete and clear (C-1 through C-9, C-11 through C-12).

In lieu of the parties' proposals, we elect to issue one instruction of our own design. We find that the parties' proposal as to front pay is an inadequate and/or inaccurate statement of law. The parties' joint front pay proposal does not include all six *Roush* factors relied on in this Circuit. *Roush v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 399–400 (6th Cir. 1993). Accordingly, we decline to use the parties' proposals and instead will use the attached version for this instruction (C-10).

Consistent with Rule 51, these rulings on the parties' objections are preliminary. The parties may file any further objections to these instructions and/or the verdict forms by Thursday, September 24, 2015. The parties will also have another opportunity to make objections to the final jury instructions and jury verdict forms after all the evidence has been submitted at trial and before closing argument. Fed. R. Civ. P. 51.

On or by September 24, 2015, Plaintiff must also clarify the claims he is asserting at trial. Although the complaint includes three claims under the Americans with Disabilities Act (discrimination, retaliation, and failure to accommodate), the parties' jury instruction and verdict form proposals do not clearly address each of these claims. (*See, e.g.*, Compl. ¶¶ 30–36.) For example, the verdict form does not ask the jury to find for Plaintiff under each claim separately, asking only whether the Defendant terminated Plaintiff "in violation of the ADA." (Joint

Proposed Verdict Form (Dkt. No. 62).) In addition, Plaintiff's jury instructions seem to focus on his reasonable accommodation claim and do not specify whether he is pursuing a separate claim for disability discrimination based on his termination. (*See* Pl.'s Proposed Intr. at 14–15 (Dkt. No. 50).) Plaintiff also appears to have dropped his retaliation claim, which is not referenced in either his summary judgment motion or his characterization of his claims in various pretrial materials. (*See, e.g.*, Pl.'s MSJ Mem. (Dkt. No. 17); Joint Statement of the Case (Dkt. No. 51); Joint PTO (Dkt. No. 49).)

Based on certain submissions, (*see, e.g.*, Joint Statement of the Case & and Joint PTO), we assume that Plaintiff continues to pursue both his discrimination claim and his reasonable accommodation claim. We have evaluated the proposed jury instructions and verdict form with that understanding in mind. For the sake of clarity, however, Plaintiff shall confirm this understanding in writing or submit any explanation on or by September 24, 2015.

It is so ordered.

                                                Marvin E. Aspen
                                                United States District Judge

Dated: September 22, 2015
        Chicago, Illinois